UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| EDWARD PINKHAM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TWAM, INC. d/b/a TRUCKWORKS & )<br>MORE, )<br>)<br>Defendant. ) | Civil Action No. _____<br><br>(A jury trial is requested) |

**COMPLAINT**

**NOW COMES** the Plaintiff, Edward Pinkham, by and through undersigned counsel, and complains against the Defendant, TWAM, Inc. d/b/a Truckworks & More, as follows:

**Introduction**

1. Plaintiff Pinkham's claims arise under the Fair Labor Standards Act (FLSA) and Maine wage and hour laws. The Defendant failed to pay Plaintiff at the overtime rate for time worked over 40 hours in a week.

**Parties**

2. Plaintiff Pinkham is a resident of Glenburn, Maine.

3. Defendant is a Maine corporation with its principal place of business in Bangor, Maine. At all relevant times, Defendant "engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

**Jurisdiction**

4. Jurisdiction is present pursuant to 28 U.S.C. § 1331. The Court's supplemental jurisdiction is also invoked pursuant to 28 U.S.C. § 1367(a).

1

**Factual Allegations**

5. Mr. Pinkham worked for the Defendant as a parts salesman.

6. Under the FLSA and Maine law Mr. Pinkham was entitled to 1.5 times his regular rate of pay (the "overtime rate") for hours worked in excess of 40 per week.

7. For a period of approximately 60 weeks, beginning on or about September 1, 2007 and ending on or about October 24, 2008, the Defendant did not pay Mr. Pinkham the overtime rate for hours worked in excess of 40 per week.

8. Mr. Pinkham demanded that the Defendant pay this unpaid overtime pay in letters from his counsel dated December 17, 2009 and December 22, 2009. To date, the Defendant has not paid these unpaid wages.

**COUNT ONE—26 M.R.S.A. § 626-A**

9. Plaintiff repeats and realleges the allegations contained in paragraphs one through eight above as though fully set out herein.

10. At all times relevant to this lawsuit, Plaintiff was an employee covered by Maine's Employment Practices Law, 26 M.R.S.A. §591 et seq., who was entitled to receive pay at his regular rate for the first forty hours worked in a work week and overtime at the rate of one and one-half times his regular rate for each hour worked in a work week over forty.

11. Defendant violated the provisions of 26 M.R.S.A. § 621-A by failing to timely pay, at regular intervals not to exceed 16 days, in full all wages earned by Plaintiff at the regular rate for each hour worked under 40 hours per week and at the overtime rate (one-and-a-half times the regular rate) for each hour worked over 40 hours per week. As such, Defendant is liable to Plaintiff under 26 M.R.S.A. § 626-A.

12. Defendant willfully violated § 621-A.

13. Defendant's untimely payment of wages and continued refusal to pay wages it owes to Plaintiff constitute violations of 26 M.R.S.A. § 621-A. Plaintiff has suffered economic loss as a result of Defendant's violation of the law and seeks redress for these injuries pursuant to 26 M.R.S.A. §626-A.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount sufficient to fairly and reasonably compensate him for all past and future injuries and damages; plus his attorney's fees, statutory liquidated damages, litigation costs, interest, and any other relief this Court deems just and equitable.

**COUNT TWO—26 M.R.S.A. § 670**

14. Plaintiff repeats and realleges the allegations contained in paragraphs one through thirteen above as though fully set out herein.

15. Defendant required Plaintiff to work more than 40 hours in any one week without paying Plaintiff 1.5 times the regular hourly rate for all hours actually worked in excess of 40 hours in that week, in violation of 26 M.R.S.A. §664.

16. Defendant's failures to pay Plaintiff 1.5 times the regular hourly pay rate for all hours actually worked in excess of 40 hours constitute violations of 26 M.R.S.A. § 664. Defendant willfully violated § 664.

17. Plaintiff has suffered economic loss as a result of Defendant's violations of § 664 and seeks redress for these injuries pursuant to 26 M.R.S.A. §670.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount sufficient to fairly and reasonably compensate him for all past and future injuries and damages; plus his attorney's fees, statutory liquidated damages, litigation costs, interest, and any other relief this Court deems just and equitable.

**COUNT THREE – 26 M.R.S.A. § 626**

18.     Plaintiff repeats and realleges paragraphs one through seventeen as though fully set out herein.

19.     When Plaintiff's employment with Defendant ended, Defendant still owed him wages.  Plaintiff has demanded that Defendant pay these wages but Defendant has failed to do so.  Defendant's failure to pay these wages constitutes a violation of 26 M.R.S.A. § 626. Defendant willfully violated § 626.

20.     Plaintiff has suffered economic loss as a result of Defendant's violation of § 626 and seeks redress for these injuries pursuant to § 626.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount sufficient to fairly and reasonably compensate him for all past and future injuries and damages; plus his attorney's fees, statutory liquidated damages, litigation costs, interest, and any other relief this Court deems just and equitable.

**COUNT FOUR—FLSA**

21.     Plaintiff repeats and realleges paragraphs one through twenty as though fully set out herein.

22.     Defendant required Plaintiff to work more than 40 hours in any one week without paying Plaintiff 1.5 times the regular hourly rate for all hours actually worked in excess of 40 hours in that week, in violation of 29 U.S.C. § 207.

23.     Defendant's failures to pay Plaintiff 1.5 times the regular hourly pay rate for all hours actually worked in excess of 40 hours constitute violations of 29 U.S.C. § 207.

24.     Defendant willfully violated § 207.

25. Plaintiff has suffered economic loss as a result of Defendant's violations of § 207 and seeks redress for these injuries pursuant to 29 U.S.C. § 216.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount sufficient to fairly and reasonably compensate him for all past and future injuries and damages; plus his attorney's fees, statutory liquidated damages, litigation costs, interest, and any other relief this Court deems just and equitable.

**Jury Trial Demand**

26. Plaintiff demands a trial by jury for all issues triable to a jury.

Date:  January 11, 2010  */s/ Allan K. Townsend*
Peter L. Thompson
Allan K. Townsend
Attorneys for the Plaintiff

*Peter Thompson & Associates*
92 Exchange Street, 2nd Floor
Portland, Maine 04101
Phone: (207) 874-0909
Fax:    (207) 874-0343
peter@ptlawoffice.com